# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

v.

BRADLEY C. HOPPY,

    Defendant/Petioner.

NO. 3:10-CR-09

(JUDGE CAPUTO)

## MEMORANDUM

Presently before me is the Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 53) filed by Defendant/Petitioner Bradley C. Hoppy ("Hoppy"). For the reasons that follow, the § 2255 motion will be denied and a certificate of appealability will not be issued.

## I. Background

On January 12, 2010, a two-Count Indictment was returned against Hoppy, charging him with willfully and knowingly receiving and distributing visual depictions of minors engaged in sexually explicit conduct that were mailed, shipped and transported, and which contained materials that were mailed, shipped and transported, in interstate and foreign commerce, by means of computer, and the production of such visual depictions involved the use of a minor engaging in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(2) (Count 1) and with a forfeiture count pursuant to 18 U.S.C. § 2253(a) (Count 2). (*See* Doc. 1, *generally*). On September 30, 2010, Hoppy entered into a plea agreement whereby he agreed to plead guilty to receiving and distributing child pornography in violation of § 2252(a)(2) and to forfeiture of all properties identified in Count 2 of the Indictment. (*See* Doc. 30, ¶¶ 1, 13). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) (a "(C) plea agreement"), the government and Hoppy agreed "to the following regarding the defendant's offense level, criminal history category, and/or sentence: The defendant shall be sentenced

within a range of no less than 120 months and no more than 144 months in prison, a life term of supervised release, a fine, if any, to be determined by the court, and a $100 special assessment." (*Id*. at ¶ 12).

A change of plea hearing was held on November 2, 2010. (*See* Doc. 34). At the plea hearing, the prosecution set forth the facts which would satisfy the elements of a violation of § 2252(a)(2). Those facts included that on September 1, 2008, an undercover agent entered into an internet chat room and signed into a publically available peer-to-peer file-sharing program where he met Hoppy. The two had a conversation during which Hoppy indicated the type of child pornographic images he had. Hoppy provided the agent with his peer-to-peer user name and invited the agent to be his friend so they could share and trade images over the internet. The agent downloaded 16 files at that time containing child pornographic images. Additionally, in March 2009, another peer-to-peer download was made by an undercover official of additional child pornography images from Hoppy. Based on these incidents, search warrants were obtained and executed at Hoppy's residences. After being advised that he was not under arrest and free to leave, Hoppy informed the agents executing the warrants that he had used file sharing networks to view and trade child pornography. Hoppy, upon questioning at the change of plea hearing, admitted that those facts were all true, and he pled guilty to Count 1 of the Indictment and expressed a willingness to forfeit the items outlined in Count 2. Hoppy's guilty plea was accepted.

Prior to sentencing, the United States Probation Office prepared a presentence report (the "PSR"). Therein, the offense conduct is set forth in detail, including Hoppy's communications with the undercover law enforcement officer on September 1, 2008 through a peer-to-peer file sharing program where Hoppy stated that he had child pornographic images to trades. (*See* PSR, ¶ 6). When search warrants were executed at his residences, Hoppy admitted to agents that he exchanged images with other users of the file sharing network. (*See id*. at ¶ 10). An examination of his computer revealed over 5,502 images of child pornography. (*See id*.). Hoppy, through

counsel, filed limited objections to the PSR that did not contest the facts forming the basis of his offense. (*See* Def.'s Objections, *generally*).

The PSR utilized the 2010 edition of the United States Sentencing Commission Guidelines Manual to calculate Hoppy's offense level. (*See id*. at ¶ 21). The base offense level under the Guidelines for a conviction under § 2252(a)(2) was 22. Additionally, Hoppy's offense level was increased by two levels because the materials found on his computer involved a prepubescent minor or a minor under the age of twelve. (*See id*. at ¶ 24). The offense level was also increased by five pursuant to Guideline § 2G2.2(b)(3)(B) since the offense involved the distribution of child pornography for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain. (*See id*. at ¶ 25). Four levels were also added because the offense involved material portraying sadistic or malicious conduct. (*See id*. at ¶ 26). Further, two levels were added because a computer was used for the receipt and distribution of the material. (*See id*. at ¶ 27). Finally, the offense level was increased by five because Hoppy's computer contained 600 or more images. (*See id*. at ¶ 28). The offense level was then reduced by three due to Hoppy's acceptance of responsibility. (*See id*. at ¶ 33). Thus, Hoppy's total offense level was 37. (*See id*. at ¶ 36). And, as Hoppy had no criminal history points, he was determined to have a criminal history category of I. (*See id*. at ¶ 39). Based on this offense level and criminal history category, the guideline imprisonment range was 210 to 262 months. (*See id*. at ¶ 65). But, because the statutory maximum term of imprisonment on the offense convicted was 20 years, the applicable guideline range was 210 to 240 months. (*See id*.). The PSR noted, however, that pursuant to the binding plea agreement, the parties agreed that Hoppy would be sentenced within a range of 120 to 144 months imprisonment. (*See id*.).

On April 15, 2011, Hoppy was sentenced to 125 months imprisonment, followed by a life term of supervised release. (*See* Doc. 46, *generally*). Hoppy did not file a direct appeal. (*See* docket, *generally*).

On May 4, 2017, Hoppy filed the instant § 2255 motion along with a supporting brief.[1] Hoppy argues that his sentence should be vacated and that he should be resentenced based on revisions to Guideline § 2G2.2(b)(3)(B) which are set forth in Amendment 801 of the Sentencing Guidelines that became effective November 1, 2016. (*See* Doc. 54, 4-10). According to Hoppy, Amendment 801 constitutes a clarifying amendment to the Guidelines which the Third Circuit has held is of the type that can be presented on collateral review, and, pursuant thereto, he states that the five level enhancement is "inappropriate and unnecessary." (*Id.*). With retroactive effect of Amendment 801, Hoppy claims that his adjusted offense level would be 32, and with a criminal history of I, his guideline range of imprisonment would be 121 to 151 months. (*See id.* at 9). So, Hoppy concludes, if a similar variance from his original sentence is applied, he would be given a new, lighter sentence. (*See id.*).

## II. Discussion

Hoppy's § 2255 motion[2] will be denied because the motion is untimely.[3] A § 2255 motion is subject to a one-year statute of limitations. *See* 28 U.S.C. § 2255(f).

---

[1] Hoppy, after receiving a *Miller* notice, elected to have his § 2255 motion ruled on as filed. (*See* Docs. 55-56, *generally*).

[2] "Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002). Section 2255 permits a prisoner sentenced by a federal court to move the court that imposed the sentence to "vacate, set aside, or correct the sentence" where: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a).

[3] An evidentiary hearing is not required in this matter because "the motion and files and records of the case conclusively show that [Hoppy] is entitled to no relief." 28 U.S.C. § 2255(b); *United States v. Booth*, 432 F.3d 542, 545 (3d Cir. 2005); *United States v. Day*, 969 F.2d 39, 41-42 (3d Cir. 1992).

4

The one-year limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id*.

Here, Hoppy's judgment of conviction was entered on April 18, 2011, (*see* Doc. 46, *generally*), and the amended judgment of conviction was entered on July 15, 2011. (*See* Doc. 50, *generally*). Hoppy, as stated, did not file a direct appeal of his conviction or sentence. When a defendant "does not pursue a timely direct appeal to the court of appeals," his conviction becomes final within the meaning of § 2255(f)(1), and the one-year statute of limitations beings to run, "on the date on which the time for filing such an appeal expired." *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999). This time has long since expired, and Hoppy's § 2255 motion is thus untimely under § 2255(f)(1).

Moreover, Hoppy's motion is not timely under § 2255(f)(2)-(4). Section 2255(f)(2) does not apply because he cannot show that he was prevented from filing a motion by any governmental action.[4] Section 2255(f)(3) is not applicable because

---

[4] Hoppy argues his motion is timely pursuant to § 2255(f)(2) because the former text of § 2G2.2(b)(3)(B) constituted a governmental created impediment that prevented him from filing this motion before November 1, 2016. (*See* Doc. 54, 3). As his motion was filed within one year of that date, Hoppy insists that his motion was filed within the limitations period. Section 2255(f)(2) does not apply here. An intervening development in the law is not considered an "impediment"

5

he does not identify a newly recognized right made retroactively applicable to this case. And, Hoppy does not identify any basis that would make § 2255(f)(4) applicable to his motion. Accordingly, Hoppy had to file his motion within one year of when his conviction became final. Because he failed to do so, his § 2255 motion is untimely. *See, e.g.*, *United States v. Hodge*, No. 10-4679, 2018 WL 934593, at *2 (S.D. Cal. Feb. 16, 2018) (claim that Amendment 801 entitled the petitioner to a sentence reduction under § 2255 was untimely filed); *Pease v. United States*, No. 09-258, 2018 WL 902287, at *2 (N.D. Ohio Feb. 14, 2018) (same); *United States v. Francis*, No. 11-60028, 2017 WL 4681806, at *2-3 (W.D. Ark. Sept. 14, 2017) (same); *Jones v. United States*, No. 13-103, 2017 WL 2683895, at *2 (E.D. Va. June 21, 2017) (same).[5]

Additionally, even if Hoppy timely filed his § 2255 motion, his motion fails without the need to resolve "whether Amendment 801 is properly characterized as a 'substantive' or 'clarifying' amendment to the Sentencing Guidelines or if relief under § 2255 is available to a defendant challenging this particular change to the guidelines." *United States v. Patterson*, No. 14-263, 2017 WL 4652782, at *4 (W.D. Pa. Oct. 17, 2017). This is so because Hoppy admitted that he knowingly traded child

---

for purposes of § 2255(f)(2). *See Noel v. United States*, No. 09-57, 2017 WL 548985, at *3 (W.D.N.C. Feb. 8, 2017) (citing *Minter v. Beck*, 230 F.3d 663, 665-66 (4th Cir. 2000) (holding that a change in state substantive case law does not constitute the removal of an impediment under a similar provision applying to habeas actions under Section 2254)).

[5] Although § 2255(f) provides a strict limitations period for habeas petitions, courts have recognized that the statute may be equitably tolled where extraordinary circumstances so warrant. *United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013). Equitable tolling should be granted sparingly and only when the principles of equity would make the rigid application of a limitation period unfair. *See id*. "[E]quity permits extending the statutory time limit when a defendant shows that (1) 'he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Id*. (quoting *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2562-63, 177 L. Ed. 2d 130 (2010)). Hoppy has not provided any basis for equitable tolling of the limitations periods here.

6

pornography in exchange for more child pornography, an admission which warrants application of § 2G2.2(b)(3)(B) under both the 2010 and 2016 versions of the sentencing enhancement.

Under the Guidelines applicable when Hoppy was sentenced, § 2G2.2(b)(3)(B) read, in pertinent part, that "[i]f the offense involved . . . [d]istribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain, increase by 5 levels." U.S.S.G. § 2G2.2(b)(3)(B) (2010). The 2010 Sentencing Guidelines defined "[d]istribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain" as:

> any transaction, including bartering or other in-kind transaction, that is conducted for a thing of value, but not for profit. 'Thing of value' means anything of valuable consideration. For example, in a case involving the bartering of child pornographic material, the 'thing of value' is the child pornographic material received in exchange for other child pornographic material bartered in consideration for the material received.

*Id*. at § 2G2.2, cmt. n.1.

The revised version of § 2G2.2(b)(3)(B) now provides that "[i]f the defendant distributed in exchange for any valuable consideration, but not for pecuniary gain, increase by 5 levels." U.S.S.G. § 2G2.2(b)(3)(B) (2016). Under Amendment 801, "[t]he defendant distributed in exchange for any valuable consideration" means:

> the defendant agreed to an exchange with another person under which the defendant knowingly distributed to that other person for the specific purpose of obtaining something of valuable consideration from that other person, such as other child pornographic material, preferential access to child pornographic material, or access to a child.

*Id*. § 2G2.2, cmt. n.1. The Supplement to Appendix C of the 2016 Sentencing Guidelines explains the amendment to § 2G2.2(b)(3)(B):

> <u>The 5-Level Distribution Enhancement</u>
>
> Finally, the amendment responds to differences among the circuits in applying the 5-level enhancement for distribution not for pecuniary gain at § 2G2.2(b)(3)(B). While courts generally agree that mere use of a file-sharing program or network, without more, is insufficient for application of the

7

> 5-level distribution enhancement, the circuits have taken distinct approaches with respect to the circumstances under which the 5-level rather than the 2-level enhancement is appropriate in such circumstances. The Fourth Circuit has held that the 5-level distribution enhancement applies when the defendant (1) "knowingly made child pornography in his possession available to others by some means"; and (2) did so "for the specific purpose of obtaining something of valuable consideration, such as more pornography." United States v. McManus, 734 F.3d 315, 319 (4th Cir. 2013). In contrast, while holding that the 5-level enhancement applies when the defendant knew he was distributing child pornographic material in exchange for a thing of value, the Fifth Circuit has indicated that when the defendant knowingly uses file-sharing software, the requirements for the 5-level enhancement are generally satisfied. *See United States v. Groce*, 784 F.3d 291, 294 (5th Cir. 2015).
>
> The amendment revises § 2G2.2(b)(3)(B) and commentary to clarify that the 5-level enhancement applies "if the defendant distributed in exchange for any valuable consideration." The amendment further explains in the accompanying application note that this means "the defendant agreed to an exchange with another person under which the defendant knowingly distributed to that other person for the specific purpose of obtaining something of valuable consideration from that other person, such as other child pornographic material, preferential access to child pornographic material, or access to a child." The amendment makes parallel changes to the obscenity guideline at § 2G3.1, which has a similar tiered distribution enhancement.
>
> As with the 2-level distribution enhancement, the amendment resolves differences among the circuits in applying the 5-level distribution enhancement by clarifying the mental state required for distribution of child pornographic material for non-pecuniary gain, particularly when the case involves a file-sharing program or network. The Commission determined that the amendment is an appropriate way to account for the higher level of culpability when the defendant had the specific purpose of distributing child pornographic material to another person in exchange for valuable consideration.

U.S.S.G., Supp. to App'x C, "Amendment 801", at 145-146.

Here, Hoppy's "§ 2255 claim challenges his sentence but not his conviction, which resulted from his knowing and voluntary guilty plea entered with the advice of his counsel to the distribution count." *Patterson*, 2017 WL 4652782, at *5. During his change of plea hearing, Hoppy expressly acknowledged that he knowingly agreed

8

to share and trade child pornography with the specific purpose of obtaining additional child pornographic material with an undercover agent on September 1, 2008. Hoppy also stated that he traded child pornography to agents when they executed search warrants of his residence. These facts plainly satisfy the requirements of § 2G2.2(B)(3)(b) even in its revised form. Thus, Hoppy, is not entitled to relief.

Alternatively, insofar as Hoppy's motion is properly treated as a request for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), he is not eligible for relief. *See United States v. Cobb*, 248 F. Supp. 3d 637, 638-39 (E.D. Pa. 2017) (construing § 2255 petition as one for reduction of sentence under § 3582(c)(2)); *Mendoza v. United States*, No. 06-167, 2017 WL 1293575, at *4 (W.D. Pa. Apr. 6, 2017) ("Although the Third Circuit Court of Appeals has not considered whether a district court may construe a § 2255 motion as one filed under § 3582(c)(2), the Supreme Court generally has approved of courts ignoring the label that a *pro se* litigant attaches to a motion and recharacterizing it to avoid an unnecessary dismissal, to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis."); *see also Day v. United States*, No. 11-277, 2018 WL 1393773, at *1 (N.D. Tex. Feb. 20, 2018) ("The motion to reduce sentence under Amendment 801 is not cognizable under § 2255 and should have been filed as a motion under 18 U.S.C. § 3582(c)."); *United States v. Ray*, No. 11-29, 2017 WL 1096832, at *1 (D. Kan. Mar. 20, 2017).[6]

Section 3582(c)(2) states:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own

---

[6] I address § 3582(c)(2) only for sake of completeness and because Hoppy is proceeding *pro se*. I do so even though Hoppy expressly states that "this is not a procedure [sic] under 18 U.S.C. § 3582(c)(2)." (*See* Doc. 54, 9).

9

> motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Section 3582(c)(2) "permits a district court to exercise its discretion to reduce a sentence only if: (1) the sentence is 'based on' a Guidelines range that has subsequently been lowered; and (2) a sentence reduction would be consistent with the Sentencing Commission's policy statements." *United States v. Thompson*, 825 F.3d 198, 200 (3d Cir. 2016).

Hoppy is not eligible for relief under § 3582(c) for two reasons. First, relief is unavailable under § 3582(c)(2) because Amendment 801 was not designated as retroactive by the Sentencing Commission. *See, e.g.*, *United States v. Childs*, 709 F. App'x 284, 285 (5th Cir. 2018) (stating district court was not authorized to reduce defendant's sentence under Amendment 801 because the Amendment was not listed as retroactively applicable under U.S.S.G. § 1B1.10(d)); *United States v. Aman*, 697 F. App'x 939, 940 (10th Cir. 2017); *United States v. Nicoll*, 694 F. App'x 202, 202 (4th Cir. 2017); *United States v. Schmutzler*, No. 13-65, 2017 WL 1406818, at *3 (M.D. Pa. Apr. 20, 2017); *Ray*, 2017 WL 1096832, at *2-3; *accord United States v. Paulino*, 678 F. App'x 57, 58 (3d Cir. 2017) (section 3582(c)(2) motion based on Amendment 802 to the Guidelines cannot be granted when the amendment is not listed in subsection 1B1.10(d)); *but see United States v. Roberty*, 689 F. App'x 492, 493 (9th Cir. 2017) (finding, in view of the government's concession, that Amendment 801 is retroactive).

Second, Hoppy pled guilty pursuant to a (C) plea agreement which called for a sentence not lower than 120 months and not greater than 144 months in prison. (*See* Doc. 30, ¶ 12). "[T]o be eligible for relief under 18 U.S.C. § 3582(c)(2), a defendant who agrees to a specific term of imprisonment in a (C) plea agreement must show that his agreement both identifies a Guidelines range and demonstrates a sufficient link between that range and the recommended sentence. Failure to meet either requirement

is fatal to a defendant's § 3582(c)(2) motion." *United States v. Weatherspoon*, 696 F.3d 416, 423 (3d Cir. 2012) (citation and internal citation omitted).

Hoppy is unable to meet these requirements. "Confining [the] analysis solely to the four corners of the plea agreement," "the agreement does not 'make clear' that the foundation of his sentence was the Guidelines, because the agreement does not in any way identify or rely on [Hoppy's] Guidelines range." *Id*. at 424. Indeed, the agreement is silent as to his Guidelines range, and also absent from the agreement are the necessary ingredients to calculate that range. (*See* Doc. 30, *generally*).[7] Thus, "[b]ecause his agreement does not explicitly state his Guidelines range, or his offense level and criminal history category, and because [Hoppy] cannot otherwise demonstrate that his criminal history category is ' evident from the agreement itself,' [I] cannot conclude that the agreement identifies a Guidelines range." *Weatherspoon*, 696 F.3d at 424.

Accordingly, even construed as a motion for reduction of sentence pursuant to § 3582(c)(2), Hoppy is not eligible for relief.

### III. Conclusion

For the above stated reasons, Hoppy's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence will be denied. Further, in proceedings

---

[7] Hoppy's plea agreement did provide that he would be sentenced to a range between 120 and 144 months in prison. This range, though, is not derived from the 2010 Guidelines Manual Sentencing Table, *see* U.S.S.G. Ch. 5, pt. a (no suggested sentences with a range of 120 to 144 months in prison), and the plea agreement did not state his offense level or his criminal history category. *Accord United States v. Blaine*, 656 F. App'x 765, 770-71 (6th Cir. 2016) (not evident from the plea agreement that 140-month cap on sentence was based on the Guidelines); United States v. Owens, 640 F. App'x 503, 504 (7th Cir. 2016); *United States v. Dixon*, 687 F.3d 356, 361-62 (7th Cir. 2012) (binding plea agreement calling for sentence range of 180 to 240 months in prison was not "based on" the Sentencing Guidelines); *United States v. Brown*, 653 F.3d 337, 340 (4th Cir. 2011); *United States v. Young*, No. 09-36, 2013 WL 499340, at *2 (W.D. Va. Feb. 8, 2013).

11

brought pursuant to 28 U.S.C. § 2255, an applicant cannot appeal to the circuit court unless a certificate of appealability has been issued. Under 28 U.S.C. § 2253(c)(2), a court may not issue a certificate of appealability unless "the applicant has made a substantial showing of the denial of a constitutional right." Restated, a certificate of appealability should not be issued unless "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). As reasonable jurists would not disagree with the resolution of the instant § 2255 motion, a certificate of appealability will not issue.

An appropriate order follows.

March 29, 2018  /s/ A. Richard Caputo
Date            A. Richard Caputo
                United States District Judge